UNITED STATES FEDERAL COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EUSTAQUIA ENCARNACION AND ANTONIO ENCARNACION, <br><br> Plaintiffs, <br><br> v. <br><br> KENT E. STOLZE AND VILMA D. STOLZE , INDIVIDUALLY, <br><br> Defendants. | Case No. 5:19-cv-775 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Eustaquia Encarnacion and Antonio Encarnacion ("Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, they respectfully show as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Plaintiffs in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Plaintiffs at time-and-one-half their regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Plaintiffs consistently worked over forty hours per week, as Plaintiffs' hours were reflected on their paychecks.

## II. PARTIES

3. Eustaquia Encarnacion and Antonio Encarnacion were employed by Defendants within the meaning of the FLSA from 2014 through June 2019.

4. Kent E. Stolze and Vilma D. Stolze are individuals who own and operate an assisted living home for seniors under the name of Woodcrest Home for Senior Citizens. They have not registered with the Texas Secretary of State's office and are not operating under any legal entity. They can be served at 11307 Forest Shower, San Antonio, Texas 78233.

5. Kent E. Stolze and Vilma D. Stolze were employers of Plaintiffs as defined by 29 U.S.C. §203(d).

6. At all times hereinafter mentioned, Kent E. Stolze and Vilma D. Stolze have exercised managerial responsibilities and substantial control over their employees, including Plaintiffs, and the terms and conditions of their employment. Kent E. Stolze and Vilma D. Stolze have the authority to: hire, fire and direct their employees, including Plaintiffs; supervise and control the employment relationships and work schedules of their employees, including Plaintiffs; set and determine the rate and method of pay of their employees, including Plaintiffs; and decide whether Plaintiffs receive overtime compensation.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

8. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Bexar County, Texas, which is in this District and Division. Plaintiffs were employees of Defendants, and performed work for Defendants in and around Bexar County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

9. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

10. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

14. As caregivers, Plaintiffs handled items including cleaning solutions, mops, buckets, brushes, medical equipment, cooking utensils and medications that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

15. Defendants operate an assisted living home for senior citizens.

16. Plaintiffs worked as caregivers for Defendants from 2014 through June 2019.

17. Plaintiffs were paid hourly for their caregiving work.  As such, during all times relevant to this action, Plaintiffs were non-exempt employees.

18. Plaintiffs' primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

19. For all times relevant to this action, Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

20. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

21. Plaintiffs routinely worked long hours and would consistently work more than sixty hours per week.  Defendants were aware of the precise amount of hours Plaintiffs worked, as Plaintiffs' hours were reflected on their paychecks.  Defendants paid Plaintiffs only straight time for all hours worked over forty per week.

22. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Plaintiffs.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. Plaintiffs incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

24. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Plaintiffs for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiffs Eustaquia Encarnacion and Antonio Encarnacion pray for judgment against Defendants Kent E. Stolze and Vilma D. Stolze, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    b.    For an Order awarding Plaintiffs the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Plaintiffs attorneys' fees;

    d.    For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFFS**